**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **RICHARD MORRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO. 7:20-CV-00238-HL-TQL** |
| | : | |
| **CCA CORR-CIVIL,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

Plaintiff Richard Morrison, a prisoner currently incarcerated at the Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* pleading that has been construed as a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 (ECF No. 1) and several motions to amend this document and attach exhibits thereto (ECF Nos. 5, 7, 9, 10, 16, 17, 21, 23). Plaintiff has also filed a motion for summary judgment (ECF No. 2), a motion to change venue (ECF No. 4), a motion requesting that Defendants' financial assets be seized (ECF No. 6), a motion requesting "expeditious action" (ECF No. 13), a motion objecting to a notice of deficiency sent by the Clerk's office (ECF No. 14), a motion to confirm service on Defendants (ECF No. 18), and a motion seeking his release (ECF No. 19).

For the following reasons, Plaintiff will be required to (1) pay the remaining $102.00 of the Court's $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* and (2) entirely recast his complaint for relief on the Court's standard form if he wishes to proceed with his claims. Plaintiff's original petition for mandamus (ECF No. 1) and his

pending motions (ECF Nos. 2, 4, 5, 6, 7, 9, 10, 13, 14, 16, 17, 18, 19, 21, 23) are all **DENIED.**

## I.       Order to Pay Filing Fee

As a preliminary matter, Plaintiff has paid only $300.00 of the $402.00 filing fee required to initiate a civil action in this Court.  Plaintiff is therefore **ORDERED** to either pay the remaining $102.00 in full or file a proper and complete motion for leave to proceed *in forma pauperis* showing his present inability to pay this remaining amount within **TWENTY-ONE (21) DAYS** of the date of this Order.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's form motion, marked with the case number for the above-captioned action, that Plaintiff may use if he intends to move to proceed *in forma pauperis*.

## II.      Motion to Change Venue

Plaintiff has also filed a motion to change venue in this case, and he specifically requests "a special-committee and or department to hear and adjudicate the above style case."  Mot. Transfer Venue 1, ECF No. 4.   Federal law provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  When a motion to transfer venue is based upon the purported bias of the judge, however, courts have also construed such motions as seeking recusal of the judge pursuant to 28 U.S.C § 144 and 28 U.S.C. § 455.  *Fuller v. Hafoka*, Case No. 19-CV-0886 (PJS/BRT), 2020 WL 6731681, at *1 (D. Minn. Oct. 14, 2020) (construing motion to transfer venue as motion to recuse because it was based on bias of

judge); *Rouse v. Cruz*, CV 10-1094 JAP/GBW, 2012 WL 13076271, at *1 (D.N.M. Oct. 5, 2012) (same).

Venue in federal court is proper in a judicial district "in which any defendant resides" and in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The district court may, however, "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" as long as the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The burden of establishing the propriety of the transfer is on the moving party. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam). In this case, Plaintiff has pleaded no facts that would establish that another forum would be more convenient to any parties or witnesses; indeed, he has not indicated the forum to which he would like this case transferred. Moreover, as discussed below, Plaintiff has not alleged facts sufficient to show that the judges of the Middle District of Georgia are biased against him. As such, Plaintiff has failed to meet his burden under § 1404(a), and his motion to transfer venue is **DENIED.**

To the extent Plaintiff's motion to change venue could be liberally construed as a motion to recuse the undersigned and United States Magistrate Judge Langstaff pursuant to 28 U.S.C. § 455,[1] it should also be denied. Section 455 generally provides that a judge

_____

[1] 28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant and providing facts and reasons for the belief that bias or prejudice exists, and the affidavit must be "accompanied by a certificate of counsel of record stating that it is made in good faith." Plaintiff has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the

"shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The statute also enumerates certain other circumstances requiring a judge to disqualify himself.  *Id.* at § 455(b)(1)-(5).  Plaintiff appears to suggest that the Court is biased against him because the Court might be hesitant to rule against other government officials.  Plaintiff may thus be relying on either subsection (a) or (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted).  In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").  In this case, Plaintiff has not pointed to any specific facts showing that any

---

court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements); *see also Guthrie v. Wells Fargo Home Mortg.*, Civil Action No. 1:13-CV-4226-RWS, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) (collecting cases and finding that "[i]n light of the mandatory and automatic nature of recusal under [§ 144], its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of [a good faith] certificate has proven fatal to even the § 144 motions of *pro se* litigants").  As such, the Court will assume that Plaintiff intended to proceed solely under § 455.

sort of personal bias exists.  The Court is routinely asked to rule against government officials in many types of cases, including prisoner civil rights cases such as this one.

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'"  *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)).  Again, Plaintiff has failed to establish any personal or pervasive bias on the part of the Court, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge.  There is accordingly no basis for the Court to recuse.  To the extent Plaintiff's motion to transfer can be construed as a motion for recusal, it is **DENIED**.[2]

## III.   Order to Recast

In addition to Plaintiff's original mandamus petition, Plaintiff has filed numerous documents seeking permission to amend or supplement his petition or add documents

---

[2] The Court also notes that, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam).  As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").  The fact that Plaintiff has filed other cases in this Court—even if he did not receive favorable rulings in those cases—is therefore not a sufficient basis for recusal in and of itself.  It should also be noted that Plaintiff has not alleged facts suggesting that *any* judge in this district harbors any sort of impermissible bias against Plaintiff.

thereto.  Most of these additions appear to be related to the claims made in the original mandamus petition concerning his "outstanding debts" and "liquidated claims," Pet. 7, ECF No. 1, but in at least one of his filings, Plaintiff appears to raise a claim that prison officials have been deliberately indifferent to the risks posed by the spread COVID-19 at the prison, *see generally* Mot. for Release, ECF No. 19.  A plaintiff, however, may set forth only related claims in a single lawsuit.  A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

When viewing Plaintiff's numerous filings as a whole, it is unclear which claims he intends to bring against which Defendants, and it is also unclear how any claims he may wish to raise about his "outstanding debts and liquidated claims" are related to any potential claims arising from his current conditions of his confinement.  Accordingly, Plaintiff is **ORDERED** to entirely recast his complaint for relief to include all amendments and additional facts he wishes to make a part of his pleading.  **The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court**

**exactly how that individual violated his constitutional rights.** Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.

If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed. Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims.

The Court also notes the majority of Plaintiff's filings bear "hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). A so-called "sovereign citizen" generally relies "on the Uniform Commercial Code ('UCC'), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him." *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) *aff'd*, 787 F.3d 1329 (11th Cir. 2015). Criminal statutes are "apparently not one of the groups of statutes whose validity [these 'sovereign citizens'] will acknowledge," and as such the prisoner will argue that he cannot be found guilty of any crime. *See id*. Plaintiff's filing also bears at least some indicia of his reliance on the "Redemptionist" theory, which

7

"propounds that a person has a split personality: a real person and a fictional person called

the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).

> Redemptionists claim that government has power only over the strawman
> and not over the live person, who remains free.   Individuals can free
> themselves by filing UCC filing statements, thereby acquiring an interest in
> their strawman.   Thereafter, the real person can demand that government
> officials pay enormous sums of money to use the strawman's name or, in the
> case of prisoners, to keep him in custody.

*Id.*  Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories

that have been consistently rejected by federal courts.  *See, e.g., Trevino v. Florida*, 687 F.

App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen

arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc*., 569 F. App'x

895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly

insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993)

(rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*,

No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)

(collecting cases and noting that "[t]heories presented by redemptionist and sovereign

citizen adherents have not only been rejected by courts, but also recognized as frivolous

and a waste of court resources").  Thus, if Plaintiff's refiled complaint rests on either of

these theories, it will be subject to dismissal pursuant to 28 U.S.C. § 1915A or other

applicable law.

> **The recast complaint will supersede (take the place of) the original petition
> (ECF No. 1) and the documents filed in support thereof (ECF No. 5, 7, 9, 10, 16, 17,
> 21, 23).**  The Court will not look back to the factual allegations in these pleadings, or any

other documents Plaintiff has filed in this case, to determine whether Plaintiff has stated a cognizable constitutional claim in this case.  Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.  In addition, Plaintiff's original petition (ECF No. 1) and his motion seeking summary judgment on the original petition (ECF No. 2) are **DENIED as moot.**  The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit a recast complaint on this form.

### IV.     Additional Pending Motions

#### A.     Motion Requesting the "Freezing" of Defendants' Financial Assets

First, Plaintiff has filed a motion seeking an order that would freeze the financial assets of Defendants because this "case and claims consist of affidavits of commercial-liens and owed-unpaid-outstanding-debts" exceeding 200 million dollars.  Mot. Req. Freezing of Assets 1-2, ECF No. 6.  As previously mentioned, Plaintiff's claims that Defendants owe him millions of dollars because the government "fraudulently and unlawfully obtained and used [Plaintiff's] identity . . . to create fraudulent CQV trust-accounts to pay off debts for the State and Government" appear to be grounded in sovereign-citizen or Redemptionist theory and are plainly frivolous.  Mot. Summ. J. 6-7, ECF No. 2.  Plaintiff's request to freeze Defendants' financial assets (ECF No. 6) is therefore also frivolous and is **DENIED**.

#### B.     Motion for Release

9

As noted above, Plaintiff has also filed a motion seeking his release from prison based on Wilcox State Prison's handling of the COVID-19 pandemic.  Plaintiff contends "his present environment and age and medical-status or conditions renders him especially vulnerable and detention and incarceration has and continue[s] to compromise [his] access to proper and adequate medical treatment [and] medication."  Mot. Release 5, ECF No. 19. As also noted above, this claim does not appear to relate in any way to the claims that comprise the bulk of Plaintiff's other filings.  If Plaintiff wishes to pursue an action concerning the conditions of his present confinement, including his exposure to COVID-19, he should file a separate lawsuit making these allegations.  The Clerk is **DIRECTED** to mail Plaintiff a blank copy of the Court's standard § 1983 form that Plaintiff may use for this purpose if desired.  Plaintiff's motion for release (ECF No. 19) is **DENIED as moot**, given that Plaintiff may file a new claim regarding this issue.

### C.    Objections to Notice of Deficiency

Plaintiff next files a motion in which he objects to the Clerk's office notifying him that he failed to sign one of his papers in violation of Federal Rule of Civil Procedure 11. Plaintiff appears to contend that he did not receive an opportunity to correct this error and requests that the Court mail back any unsigned papers so that he may sign them.  Mot. Obj. 3, ECF No. 14.  The only document that was unsigned by Plaintiff was the letter docketed at ECF No. 12.  The notice of deficiency was intended only to advise Plaintiff of the requirements of Federal Rule of Civil Procedure 11; he is not required to sign and mail this document back to the Court.  As such, Plaintiff's motion (ECF No. 14) is **DENIED as moot.**

D.     Remaining Motions

Finally, Plaintiff has filed motions for "expeditious action" in this case (ECF No. 13) and seeking service on Defendants (ECF No. 18).  If and when Plaintiff complies with this Order, the Court will screen Plaintiff's recast complaint to determine whether Plaintiff has stated any colorable claims for relief.  At that time, the Court will order service of those claims on the appropriate Defendants, if necessary.  These motions (ECF Nos. 13, 18) are therefore **DENIED** as moot and/or premature.

**V.     Conclusion**

Based on the foregoing, Plaintiff will be required to (1) pay the remaining $102.00 of the Court's $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* and (2) entirely recast his complaint for relief on the Court's standard form.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to comply.  The Clerk is **DIRECTED** to mail Plaintiff a copy of the Court's *in forma pauperis* forms and the standard § 1983 form marked with the case number for the above-captioned action that Plaintiff should use for this purpose.  The Clerk is also **DIRECTED** to mail Plaintiff blank copies of these forms that Plaintiff may use if he intends to bring a claim concerning his allegations about COVID-19 exposure at Wilcox State Prison.  Plaintiff's original petition for mandamus (ECF No. 1) and his pending motions (ECF Nos. 2, 4, 5, 6, 7, 9, 10, 13, 14, 16, 17, 18, 29, 21, 23) are all **DENIED.**

Plaintiff is further **DIRECTED** to notify the Court of any change of address. **Plaintiff's failure to fully and timely comply with this Order may result in the**

**dismissal of this action.**  There shall be no service of process in this case until further order of the Court.

     **SO ORDERED**, this 6th day of May, 2021.

            *s/ Hugh Lawson*
            HUGH LAWSON, SENIOR JUDGE