IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **RICHARD MORRISON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 7:20-CV-00238-HL-TQL |
| | : | |
| **CCA CORR-CIVIL,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### ORDER OF DISMISSAL

Presently pending before the Court are various pleadings filed by *pro se* Plaintiff Richard Morrison, a prisoner currently incarcerated at the Wilcox State Prison in Abbeville, Georgia. For the following reasons, Plaintiff's motion for reconsideration (ECF No. 37) is **DENIED**, and Plaintiff's claims are **DISMISSED without prejudice.**

**I.      Motion for Reconsideration**

As an initial matter, Plaintiff has filed a motion seeking reconsideration of the Court's May 6, 2021 Order directing the Plaintiff to recast his pleadings on the Court's standard § 1983 form and pay the remaining $102.00 of the Court's $402.00 filing fee. The May 6th Order also denied Plaintiff's remaining motions, most of which sought to amend his original petition for mandamus. *See generally* Order, May 6, 2021, ECF No. 25. Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error

of law or fact.  *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

In this case, Plaintiff has failed to demonstrate that any of these bases for reconsideration apply.  Plaintiff devotes several pages of his motion to his contention that this case should not be dismissed because Plaintiff paid only $300.00 of the Court's $402.00 filing fee.  Mot. Recons. 2-3, ECF No. 37.  Plaintiff has now paid the remaining $102.00 of the filing fee, and the Court is not dismissing Plaintiff's claims on that basis.  *See* Notice of Filing Fee Paid, May 21, 2021.  Plaintiff's motion for reconsideration on this issue is therefore moot.

Plaintiff also contends that he should not have to recast his petition for mandamus on the Court's standard § 1983 form because to do so would be "contrary to his cause of actions," and he also asserts that he has "every legal right[] to amend his case/claims at will any time prior to a ruling by the adjudicating courts entertaining the case, without any limitations imposed by the U.S. Courts."  *Id.* at 4-5.  Plaintiff, however, is only permitted to amend his Complaint once as a matter of right at this stage of the litigation and must seek permission from the Court to file any additional amendments.  Fed. R. Civ. P. 15.  The May 6th Order was intended to give Plaintiff permission to incorporate all his amendments into a single document so that the Court could more efficiently resolve his claims.  But, as discussed in more detail below, even if the Court reviews each of Plaintiff's proposed amendments, Plaintiff has failed to state an actionable claim for relief.  Reconsideration of the Court's instructions to Plaintiff to recast his claims for relief on one single form is therefore also unwarranted.  Plaintiff's motion (ECF No. 37) is thus

2

**DENIED** in its entirety.

## II. Preliminary Screening

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

3

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Factual Allegations and Plaintiff's Claims

The Court has reviewed the original Petition and each of Plaintiff's amendments in accordance with the above-described standard (ECF Nos. 1, 5, 10, 16, 17, 21, 23, 26). As best as the Court can tell, Plaintiff claims that Defendants were "creating and selling unlawful fraudulent unauthorized bonds in the plaintiff name illegally falsifying plaintiff identity and name for monetary profits and gains." 7th Mot. Am. Pet. 2, May 12, 2021, ECF No. 26. Plaintiff therefore served each Defendant "with a[] sworn-affidavit[]" concerning "tort claims" related to this alleged fraud, but Defendants failed to rebut those affidavits. Pet. Mandamus 6, ECF No. 1. Plaintiff then submitted "files and records such as affidavits, of notarized tort claims . . . to the U.S. Department of Treasury officially liquidating the un-rebutted claims making the debt and claims legal and binding." 2d Mot. Am. Pet. 1-2, ECF No. 10. Plaintiff thus contends the government owes him "an outstanding unpaid debt" of somewhere between 40 and 240 million dollars, and he

4

apparently seeks relief that would require Defendants to pay those sums to him.  *See id.*

Plaintiff's claims for relief appear to be largely based on the "sovereign citizen" movement.  *See, e.g., Gravatt v. United States*, 100 Fed. Cl. 279, 280 (2011) (noting "[t]he goal of some sovereign citizens is the recovery of money from the United States" and such cases may involve the sovereign citizen submitting documents to the government purportedly creating debts which the government must repay to the sovereign citizen). Plaintiff was previously advised that his pleadings bore hallmarks of the "sovereign citizen" or "Redemptionist" theories, told that these theories were baseless, and warned that his continued reliance on such theories could result in the dismissal of his claims. Order 8, May 6, 2021, ECF No. 25.  Accordingly, Plaintiff's claims based on these theories are now dismissed as frivolous.  *Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources").

Further, even assuming without deciding that Plaintiff had a valid tort claim for which he obtained a state court judgment, his contention that the federal courts must enforce that judgment fails to state an actionable claim.  Federal courts lack the "power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties."  *Moye v. Clerk, DeKalb Cnty. Superior Court,* 474 F.2d 1275, 1276 (5th

Cir. 1973) (per curiam).[1]  To the extent Plaintiff's claims are based on this theory, they are therefore also dismissed.

Similarly, Plaintiff's claim that the federal courts (or any other Defendants) violated 42 U.S.C. § 1986 by turning a blind eye to the alleged fraud and refusing to require the government to pay damages lacks merit. *See, e.g.,* 7th Am. Compl. 3-4, May 12, 2021, ECF No. 26.  Under § 1986, a plaintiff may bring a claim "against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Park v. City of Atlanta*, 120 F.3d 1157, 1159 (11th Cir. 1997).  But "[t]he text of § 1986 requires the existence of a § 1985 conspiracy." *Id.* at 1160.  Thus, a plaintiff cannot "establish a violation of § 1986 without establishing a violation of § 1985." *Id.*  To state a claim for a conspiracy under § 1985, a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Id.* at 1161 (citing § 1985(3)).

Plaintiff has not pleaded any specific facts establishing that federal actors conspired

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

with state actors to take any action, much less that they conspired to deprive Plaintiff of a multimillion-dollar judgment in an unspecified "tort claim." His vague and conclusory claims of a conspiracy are nothing more than speculation, and any potential § 1985 and § 1986 claims are therefore also subject to summary dismissal. *See Cooksey v. Waters*, 435 F. App'x 881, 883 (11th Cir. 2011) (per curiam) (affirming grant of summary judgment on §§ 1985 and 1986 claims where plaintiff had made only "[c]onclusory allegations of discrimination and conspiracy, without more").

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 37) is **DENIED,** and Plaintiff's claims are **DISMISSED without prejudice.**

**SO ORDERED**, this 26th day of July, 2021.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE